UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| GLENDA BUSH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 2:25-CV-220-PPS-JEM |
| ) | |
| LEAR CORPORATION, ) | |
| ) | |
| Defendant. ) | |

### OPINION AND ORDER

Glenda Bush has sued her former employer, Lear Corporation, based on a series of increasingly escalatory events that occurred between her and a coworker she alleges harassed and threatened her. Though her theory of relief is not entirely clear, Bush seems to have utilized Title VII as the vehicle for her claims. But because she did not file her lawsuit within the statutory period for doing so, her Title VII claim is time barred. But because I am uncertain whether Title VII is the sole basis for her complaint, I will provide Bush an opportunity to amend her complaint. Her current complaint, however, has failed to state a claim, so Lear Corporation's motion to dismiss will be granted.

### Background

For purposes of this opinion, I take all well-plead facts as true. Glenda Bush filed suit against Lear Corporation in Lake Circuit Court in February. [DE 4.] In May, after receipt of Bush's state court complaint in late April, Lear Corporation timely removed Bush's case to this Court asserting both diversity and federal question

1

jurisdiction. [DE 1.]

Bush says Lear failed to protect her from another Lear employee. [DE 4 at 3.] According to Bush, the other employee began to stalk and harass her, and she reported this conduct to Lear. [*Id.*] Bush says Lear took no action in response to her complaints of harassment. [*Id.*] Matters between the warring employees escalated to the point of violence when Bush's harasser blew up Bush's car while they were both at work. [*Id.*] After this event, Bush got a restraining order against her harasser and her harasser was arrested for arson. [*Id.*] But according to Bush, Lear continued to ignore her pleas that she feared for her life. [*Id.*]

Bush says Lear eventually moved Bush's harasser to a different shift than the one Bush worked, but Lear still did not terminate Bush's harasser. [*Id.*] Instead, Bush says Lear suspended her for 30 days and eventually terminated Bush. [*Id.*] Bush filed a complaint with the EEOC based on these events and attached to her complaint a Notice of Right to Sue letter dated November 14, 2024. [*Id.* at 5.]

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citation omitted); *accord Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While I must accept all factual allegations as true and draw all reasonable inferences in the complainant's favor, I don't need to accept threadbare legal conclusions supported by purely conclusory statements. *See Iqbal*, 556 U.S. at 678. The plaintiff must allege "more than labels and conclusions, and a formulaic recitation of the elements of a

2

cause of action will not do." *Twombly*, 550 U.S. at 555. Making the plausibility determination is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

Finally, as is relevant here, "[a] document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted).

Lear characterizes Bush's complaint as asserting a violation of Title VII of the Civil Rights Act of 1964. This characterization stems from Bush's use of an employment discrimination complaint form for this District, which she attached as an exhibit to her state court complaint. [DE 4 at 2–4.] Bush filled out the circle on that form that indicated she brought her claim under Title VII. But as far as the Court can tell, Bush's act of checking the box for Title VII is the only similarity Bush's claim shares with a Title VII claim. In fact, the true contention Bush advances does not seem grounded in Title VII at all. It seems Bush is attempting to assert some sort of failure to protect claim related to any obligation Lear may or may not have had to protect her at her workplace. The Court will not speculate on Bush's possible theories of relief that may apply to her situation. *See Small v. Endicott*, 998 F.2d 411, 417–18 (7th Cir. 1993) ("While the courts liberally construe *pro se* pleadings as a matter of course, judges are not also required to construct a party's legal arguments for him."). All that said, given Bush indicated so on her complaint, the Court will construe Bush's current claim as seeking relief under Title VII.

A Title VII plaintiff must file their lawsuit within 90 days of their receipt of a Notice of Right to Sue letter from the EEOC concerning their complaint. 42 U.S.C. 2000e-5(f)(1); 29 C.F.R. 1614.407(a); *Threadgill v. Moore U.S.A., Inc.*, 269 F.3d 848, 849–50 (7th Cir. 2001) ("A civil action alleging a Title VII violation must be filed within 90 days of receiving a right-to-sue notice from the EEOC."). Bush's Notice of Right to Sue letter from the EEOC is dated November 14, 2024. [DE 4 at 5.] Bush filed her complaint in state court 104 days later on February 26, 2025. Because Bush filed her lawsuit in state court after this 90 day period, her claims are subject to dismissal. *See Lax v. Mayorkas*, 20 F.4th 1178, 1181–83 (7th Cir. 2021) (affirming dismissal of Rehabilitation Act claim, which "are governed by the same rights and procedures available in Title VII employment discrimination cases", as time barred).

Applying the Seventh Circuit's general rule that after a dismissal under Rule 12(b)(6) a plaintiff is given at least one opportunity to amend the pleading, I will set a date by which Bush may file an amended complaint that contains allegations sufficient to support her claims for relief. *See Runnion ex rel. Runnion v. Girl Scouts of Greater Chi. & Nw. Ind.*, 786 F.3d 510, 519 (7th Cir. 2015). In any proposed amended complaint, Bush should explain in her own words what happened, when it happened, where it happened, who was involved, and how she was personally injured by the conditions she describes, providing as much detail as possible.

## Conclusion

For the aforementioned reasons, Lear Corporation's Motion to Dismiss [DE 7] is **GRANTED**. Glenda Bush's Complaint [DE 4] is **DISMISSED WITHOUT PREJUDICE**

4

for failure to state a claim upon which relief may be granted. Plaintiff Glenda Bush may file an amended complaint by no later than **October 24, 2025.**

**SO ORDERED.**

ENTERED: September 24, 2025.

/s/ Philip P. Simon
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT